UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ITZEN ISAAC CABRERA URBINA, *and all others similarly situated under 29 U.S.C. § 216(b)*, )
)
)
)
Plaintiff, )
vs. )
)
ROK SOUTH, LLC, d/b/a ROK:BRGR )
BURGER BAR + GASTROPUB, and JEY )
HOSPITALITY GROUP, LLC, )
)
Defendants. )
_____ )

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

**COMES NOW** Plaintiff, ITZEN ISAAC CABRERA URBINA ("Plaintiff"), through undersigned counsel, and files this Complaint against Defendants, ROK SOUTH, LLC d/b/a ROK:BRGR BURGER BAR + GASTROPUB, and JEY HOSPITALITY GROUP, LLC, and alleges:

1. This is an action arising under the Fair Labor Standards Act, 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant Corporation ROK SOUTH, LLC, d/b/a ROK:BRGR BURGER BAR + GASTROPUB is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant Corporation JEY HOSPITALITY GROUP, LLC, is a corporation that regularly transacts business within Miami-Dade County. Upon information and belief, the

Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. Further, Defendant Corporation JEY HOSPITALITY GROUP, LLC, was in sufficient control of the business and financial affairs of ROK SOUTH, LLC, d/b/a ROK:BRGR BURGER BAR + GASTROPUB that it would be liable under the FLSA for any overtime violations committed by ROK SOUTH, LLC, d/b/a ROK:BRGR BURGER BAR + GASTROPUB, even if JEY HOSPITALITY GROUP, LLC is found not to be an employer of Plaintiff.

6. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

7. This action arises under the laws of the United States.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement).

9. 29 U.S.C. § 207(a)(1) states that if an employer covered under the Fair Labor Standards Act employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty "at a rate not less than one and one-half times the regular rate at which he is employed."

10. Plaintiff worked for Defendants as a prep cook from on or about August 13, 2012 until on or about May 25, 2015 ("the relevant time period").

11. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the

Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

12. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

13. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 for the year 2012, 2013, and 2014.

14. Upon information and belief, the Defendant Corporations' gross sales or business done is expected to exceed $500,000 for the year 2015.

15. During the relevant time period, Plaintiff was paid an average of $10.50 per hour for all hours worked per week, and worked an average of sixty (60) hours per week. Plaintiff was not paid the required time-and-a-half overtime rate for any hours worked per week in excess of forty (40) hours as required by the Fair Labor Standards Act.

16. Plaintiff therefore claims the half-time overtime rate based upon his hourly rate for the average of twenty (20) hours worked in excess of forty (40) per week for the relevant time period that Plaintiff was employed by Defendants.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as

required by the Fair Labor Standards Act, as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the total period of Plaintiff's employment.

**WHEREFORE**, the Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

        Respectfully Submitted,

        J.H. Zidell, Esq.
        J.H. Zidell, P.A.
        Attorney For Plaintiff
        300 71st Street, Suite 605
        Miami Beach, Florida 33141
        Tel: (305) 865-6766
        Fax: (305) 865-7167
        Email: ZABOGADO@AOL.COM

        By:__/s/ J.H. Zidell_____
           J.H. Zidell, Esq.
           Florida Bar Number: 0010121