UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cv-22694-UU

ITZEN ISAAC CABRERA URBINA
and all others similarly situated under
29 U.S.C. § 216(b),

    Plaintiff,

v.

ROK SOUTH, LLC d/b/a ROK BRGR
BURGER BAR + GASTROPUB, and
JEY HOSPITALITY GROUP, LLC,

    Defendants.
_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendants Rok South, LLC ("Rok South") and JEY Hospitality Group, LLC ("JEY") (collectively, "Defendants") hereby file their Answer and Affirmative Defenses to Plaintiff Itzen Isaac Cabrera Urbina's ("Plaintiff's") Complaint as follows:

**RESPONSES TO ALLEGATIONS IN THE COMPLAINT**

Defendants respond to the allegations contained in the numbered and unnumbered paragraphs of the Complaint as follows:

1. Answering paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring this action pursuant to the provisions of the FLSA, but denies that any valid FLSA claims exist in this case and further denies that Plaintiff is entitled to proceed on a collective basis. Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 1 of the Complaint.

ATL 20826141v2

Greenberg Traurig, P.A.  |  Attorneys at Law  |  333 Avenue of the Americas  |  Suite 4400  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717

2. Answering paragraph 2 of the Complaint, Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of allegations contained therein and therefore deny those allegations.

3. Answering paragraph 3 of the Complaint, Defendants admit that ROK South regularly transacts business within Miami-Dade County.  Defendants further admit that Rok South employed Plaintiff from approximately August 2012 through May or June 2015.  Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 3 of the Complaint.

4. Answering paragraph 4 of the Complaint, Defendants admit that JEY is a limited liability corporation that transacts a small percentage of its business in Miami-Dade County.  Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint are vague and ambiguous and state a legal conclusion to which no response is required and are therefore denied.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

**COUNT I:  ALLEGED OVERTIME WAGE VIOLATION**

7. Defendants admit the allegations contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, Defendants state that Section 207(a)(1) of the FLSA speaks for itself, and therefore deny the allegations to the extent they are inconsistent with that Section or the FLSA as a whole.  Defendants specifically note that Section 213 of the FLSA provides for exemptions from the requirements stated in Section 207(a)(1), and

2

ATL 20826141v2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717

that Plaintiff was properly classified as exempt pursuant to Section 213 during part of his employment.  Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, JEY admits that Plaintiff was employed as a Dishwasher and Food Prep employee from August 2012 through February 2014. In February 2014, Plaintiff was promoted to Receiving and Food Prep Supervisor and worked in this position until May or June 2015.  Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, Defendants state that the allegations contained therein state legal conclusions to which no response is required.  To the extent any response is required, Defendants admit that their businesses involve the movement of goods in interstate commerce, but deny that Plaintiff was directly involved in the movement of goods or services in interstate commerce.   Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Defendants admit that they each employed two or more individuals during the relevant time period and that their businesses each involve the movement of goods in interstate commerce.  Except as admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, Defendants admit that they have each done more than $500,000 in business during 2015.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint.

3

ATL 20826141v2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717

16.     Answering paragraph 16 of the Complaint, Defendants admit that Plaintiff claims damages as alleged, but denies that Plaintiff is entitled to any damages or any relief whatsoever in this action.  Except as expressly admitted or otherwise stated herein, Defendants deny the allegations contained in paragraph 16 of the Complaint.

17.     Defendants deny the allegations contained in paragraph 17 of the Complaint.

Answering the unnumbered "WHEREFORE" paragraph, immediately following paragraph 17 of Plaintiff's Complaint, Defendants deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever in this action.

Except as expressly admitted or otherwise stated herein, Defendants deny each and every allegation of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

JEY did not employ Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA") during the time period relevant to this lawsuit.  However, to the extent JEY is determined to have employed Plaintiff within the meaning of the FLSA, JEY asserts and joins in each of the defenses listed below.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims under the FLSA fail because Plaintiff was exempt from the FLSA's

4

ATL 20826141v2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717

overtime requirements during part of his employment.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff was properly paid for all time worked for Defendants. But, should it be determined that some hours of work were not properly paid, which is specifically denied, then such amount was de minimis within the meaning of the Portal-to-Portal Act.

**SIXTH AFFIRMATIVE DEFENSE**

Although the caption of the Complaint indicates that Plaintiff may have intended to bring this action as a collective action pursuant to Section 216(b) of the FLSA, the Complaint fails to define a putative class and does not assert any claims on behalf of a putative class. The Complaint is therefore subject to dismissal to the extent it seeks to allege a collective action.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was properly classified as exempt from the FLSA's overtime requirements during part of his employment. But, to the extent it is determined that Plaintiff was not exempt from the FLSA's overtime requirements, which Defendants specifically deny, Plaintiff is not entitled to any compensation for time spent on meal periods, time incidental to commencing or completing work, unauthorized work, or other time expended primarily for his personal benefit.

**EIGHTH AFFIRMATIVE DEFENSE**

In the event that a violation of the FLSA did occur, which Defendants deny, Defendants assert that the act or omission giving rise to any such violation was in good faith and that any said act or omission was not consistent with Defendants' policies and, therefore, the alleged relief and remedies sought by Plaintiff, including liquidated damages, are not appropriate.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims may be barred by the doctrines of payment, setoff, and/or estoppel.

5

ATL 20826141v2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred to the extent that Plaintiff did not complain or give proper notice of the alleged FLSA violations to Defendants and give Defendants the opportunity to correct the alleged violations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to an award of attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and alternative defense to Plaintiff's Complaint, Defendants allege that the claims contained in the Complaint may be barred by any or all of the affirmative defenses contemplated by Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiff's claims may be barred by one or more of said affirmative defenses not specifically set out above cannot be determined until Defendants have had the opportunity to complete discovery. Defendants therefore incorporate all such affirmative defenses as if fully set forth therein.

**WHEREFORE**, having fully answered Plaintiff's Complaint, Defendants demand and pray that:

1. Judgment be entered in favor of Defendants and against Plaintiff;

2. The Complaint be dismissed with prejudice and that all costs of this action, including reasonable attorneys' fees, be assessed against Plaintiff;

3. The Court award Defendants such other or further relief as may be justified by the evidence and the law or as may be deemed appropriate by the Court.

6

ATL 20826141v2

Greenberg Traurig, P.A. | Attorneys at Law | 333 Avenue of the Americas | Suite 4400 | Miami, FL 33131 | Tel 305.579.0500 | Fax 305.579.0717

CASE NO. 1:15-cv-22694-UU

Dated:  September 2, 2015                              Respectfully submitted,

**GREENBERG TRAURIG, LLP**
*Attorneys for Defendants*
333 Avenue of the Americas, Suite 4400
Miami, Florida 33131
Telephone: (305) 579-0519
Facsimile: (305) 579-0717

By: /s/  Ronald M. Rosengarten
    RONALD M. ROSENGARTEN
    Florida Bar No. 387540
    rosengartenr@gtlaw.com
    MARIANA GAXIOLA*
    Florida Bar No.
    gaxiolam@gtlaw.com
        -and-
    Erik S. Rodriguez*
    Georgia Bar No. 611411
    Rodriguezer@gtlaw.com
    Brett T. Lane*
    Georgia Bar No. 143014
    Laneb@gtlaw.com
    Terminus 200
    3333 Piedmont Road NE, Suite 2500
    Atlanta, Georgia 30305
    Telephone:  (678) 553-2100
    Facsimile:  (678) 553-2122
    *Pro hac vice motions forthcoming

7

ATL 20826141v2

Greenberg Traurig, P.A.  |  Attorneys at Law  |  333 Avenue of the Americas  |  Suite 4400  |  Miami, FL 33131  |  Tel 305.579.0500  |  Fax 305.579.0717

CASE NO. 1:15-cv-22694-UU

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of September, 2015, I electronically filed the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of Court through its CM/ECF service. I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ronald M. Rosengarten
Attorney for Defendants

## SERVICE LIST

*Itzen Isaac Cabrera Urbina, and all others similarly situated under 29 U.S.C. § 216(b) v. Rok South, LLC d/b/a Rok Brgr Burger Bar + Gastropub and JEY Hospitality Group, LLC*
**Case No. 1:15-cv-22694-UU
United States District Court, Southern District of Florida**

*Counsel for Plaintiff*:

Jamie H. Zidell, Esq.
Steven C. Fraser, Esq.
Julia M. Garrett, Esq.
Elizabeth Olivia Hueber, Esq.
J.H. ZIDELL, P.A.
300-71st Street, Ste 605
Miami Beach, FL 33141
Telephone:  (305) 865-6766
Facsimile:  (305)865-7167

*ATL 20826141v2*